Is it Mr. Raven or Mr. Raven? It's Mr. Raven, your honor. Thank you. I was thinking of going with that and then I got it. I was anticipating many questions but that was not my first, your honor. May it please the court, Richard Raven from Hartman and Winneke, PC, on behalf of Plaintiff Appellant Home Team 688. Oh, thank you, your honor. The underlying facts of this case are unique because to our knowledge no other town in the state of New York has done what East Hampton did in this case. It's really a textbook case, an example of zealous, overzealous lawyering gone amuck. Look, all of that might be true. I think that that's not really what the district court went off on though, right? The district court concluded that you're stuck with the state court rulings because res judicata applies. And so that really is, I guess, the issue I think, at least I'm most focused on. So why isn't that the case? I mean, there was an Article 78 proceeding but it covered a lot more than Article 78. You were seeking to strike down the town ordinance as unconstitutional and made other constitutional arguments and then sought to amend to basically bring a damages claim under Section 1983. That's way outside of Article 78, right? Absolutely, your honor. And I know your honor is well versed on this issue. And there's a distinction here and it's because of the Whitfield case, this court announced a presumption in favor of Article 78 cases being pure Article 78 cases when they're commenced that way. No, I get that. And this was not a case in which the state court said, I'm converting this as a court can. But it didn't seem like you were disputing the things I just said about the fact that you were seeking to strike down a town ordinance on constitutional grounds and ultimately seeking damages under Section 1983. You sought to amend on that ground. It was denied. And you could have appealed that to the state appellate court. The could have appealed is totally irrelevant, your honor. Exhaustion of remedies is not a prerequisite. No, I'm not saying exhaustion of remedies. I'm just saying the point is, had you appealed in the state and won, then you would have been proceeding with 1983 claims. We would not have gotten the relief we wanted, which is Section 1983. If I may just take a moment. We did not appeal. We did not perfect an appeal in state court because we really wanted the Section 1983 case to be heard. It didn't matter whether it was appealed or not. The fact of the matter is the case was commenced as a hybrid proceeding. But Whitfield instructs that it doesn't matter if it was commenced as a hybrid. It matters that it was treated as such. And that's what the focus must be. And an appeal to the appellate division wasn't going to change that. It's how it was treated. So the decision of the state court devotes a paragraph to the analysis of the challenge to the constitutionality of the ordinance. And it cites cases and it ultimately concludes that the request to declare the statute unconstitutional is invalid. Isn't that the state court engaging with and deciding one of the aspects of the complaint that was not within the scope of Article 78, but that essentially was necessarily part of a hybrid claim? Your Honor, it is true that that's what the court discussed. But critically, the court did not mention one word about the Section 1983 claims. But does it have to? I mean, if the question is whether this was a hybrid claim, and if it was, even if you've never asked for 1983 relief, right? There's authority that says if you have a hybrid claim, you're going to be precluded from then coming in and breaking a 1983 claim later based on the same cluster of facts. So is it really the question whether the court engaged with the aspect of your complaint that went beyond Article 78 and decided it? I think if you look at what the court did in that final paragraph of the opinion on SPA 42, the court was analyzing those proposed amended claims in the context of the mandamus law. He cites the mandamus law right in that paragraph. And if we're trying to get to determine if the full measure of relief was provided to my client, it obviously was not. I mean, think of- Mr. Ray, I just want to come back to what you brought a facial challenge to the town's code, the section that was relied on by the town. And the court addressed that facial challenge and then applied constitutional standards, right? To say that you hadn't shown that the ordinance had no substantial relationship to the public health, safety, or general welfare. That's not an Article 78 consideration. That's a constitutional claim. Your Honor, in the original complaint, there was no monetary relief sought. I get the monetary, but the point is that this was part- The fact that you brought a variety of claims, some of which are outside of the Article 78 parameters, would make this a hybrid, wouldn't it? Including the facial challenge. It was commenced that way. And the state court ruled on it. It was not handled as a hybrid. Your Honor, Judge Baisley dismissed the case without a motion to dismiss pending. Why did he do that? He did that because that's what you do in summary proceedings. Think of this. We moved to amend, and what we got was a dismissal. There was no motion to dismiss pending. So is the theory that, yeah, the court may have dealt with things that may have ruled on the merits of things that went beyond Article 78, but not because it was treating it as a hybrid proceeding. It's because it was confused as to the scope of Article 78. That was the court's error, not that the court was actually treating it as a hybrid claim? I don't necessarily think it was because the court was confused or that it's necessary for plaintiffs to make that argument. What I'm saying is, if we can just take a step back, what we're trying to determine is, were the 1983 claims adjudicated on the merits? No, that's not the question. Isn't the question, was something outside the scope of Article 78 adjudicated on the merits? It's in the context of an Article 78, Your Honor. But looking at the bigger picture, what are we trying to analyze? We're trying to analyze res judicata. Was the thing adjudicated? No, was or could it have been, right? All right, was and could have. And we did everything in our power on the could have. We moved. We did trying, being conscious of judicial economy and saying, okay, we started an Article 78 proceeding. You know what? We have this 1983. Just give me one minute, Your Honor, please. We have all the facts here. Let's put the 1983 action before this court. Let's not bother a federal court, a district court. Let's just get it all done. That's what we did. That's what I did. Well, I get that. But I think the point that I just heard Judge Keir say is that you start, you put one foot in constitutional claims that are not within Article 78 when you moved to bring a facial challenge to the town ordinance. Once you've done that, you're in. So then you've got to go appeal to the state court when your request to amend your complaint is denied. You're suggesting you don't. In other words, that you, yeah, you brought a constitutional challenge to the ordinance. But since you didn't get much traction on your 1983, you're then free to stop and restart in federal court. But I think that's where you're going to push back. So I guess respond to that. Fair enough on the pushback comment, Your Honor. But I think when we look at Whitefield and what is trying to be accomplished there, we didn't need to do that because the court simply did not treat it as a hybrid. Again, there was no, if you look at the indicia that was outlined in Whitefield, no order of conversion, no order of dual tracks, no order of plenary hearing. So those indicia are not there. But it ruled on your request for plenary relief, which was the facial challenge to the ordinance, right? But that's not in- You can't do that in an Article 78. You can't go to an Article 78 proceeding and say this violates the U.S. Constitution, right? I mean, you can, but then you've made it a hybrid proceeding. Well, we've commenced it, Your Honor. And the judge ruled on that. But didn't mention a word about the Section 1983 claim. Well, how could that be a plenary complete opinion without even mentioning the very cause of action that I'm standing here before this honorable court trying, we've been trying to get this heard from the beginning. There was mootness, which I've outlined in our briefs is false because there's a criminal case still pending six years later to this day and that the Zoning Board of Adjustment declared that it was moot and it didn't have to determine the stop work order. We're still trying to get our constitutional claims heard. They were never heard, Your Honor. Well, one of them was. One of them was. The facial challenge to this town's ordinance was heard, was resolved. Correct? No, Your Honor. What the court said is presumptively it's valid, which is really, with all due respect, a- No, it found, I mean, the state court found that you failed to meet your burden to show, to bring a facial challenge, right? And that ordinance was actually repealed by the town. Well, that may be, but the point is that there was a ruling on the merits with respect to your facial challenge. But it wasn't on the merits. That's the point. That's exactly the point, Your Honor. Why was it not on the merits? It was not on the merits because there was no plenary hearing. There was no motion to dismiss. We didn't have notice and opportunity to be heard on this dismissal. How is that due process? So that, I think that goes back to my question. What you're saying is even if substantively it looks as though the court treated this as a hybrid proceeding, because I think we're all seeing that the court addressed a substantive issue that falls outside of the scope of Article 78, you're arguing that procedurally the court didn't treat it because of the summary nature of it. We have to conclude that the court thought it was treating this as an Article 78 proceeding, even if it errantly addressed something that it shouldn't have. Whitefield informs that, Your Honor. That is the purpose of the presumption. And what I'm suggesting is there is no clear evidence or, quote, clear indication as outlined in Whitefield. And, Your Honor. But there was a motion to dismiss. No. I'm sorry, Your Honor. There was not. Now, my adversary's papers mention a motion to dismiss, and what he should have said was the order to show cause. There was no motion to dismiss in this case. There was a motion to amend, and that's critical, because this was handled in the fashion of a summary proceeding, which is file your verified complaint, have your order show cause, and quickly, supposedly, and of course it took a year in this case, there will be a summary decision. No motion to dismiss. The judge handled it that way and dismissed it. And so I urge the court to consider those procedural steps. All right. Well, let's hear from your adversary. You've got two minutes for rebuttal, and maybe he'll address some of the points you've just raised. Thank you, Mr. Raymond. Mr. Krephein, am I pronouncing that right? Yes, Your Honor. Okay. Mr. Krephein, you may proceed. I think it's clear that the state court understood that this was a hybrid proceeding, references it in the order. It was the only point the counsel is making that there was no notice of motion. In our opposition papers, there was a motion for a preliminary injunction. There was a motion to amend the pleadings. There was also an Article 78. This was not proceeded within the ordinary course as an Article 78 where you'd file a return and an objection in points of law. It was addressed essentially as if there was a motion to dismiss without a notice of motion. And had an appeal been brought to the appellate division, I can't say 100% how they would have addressed that. He's raised a procedural issue as to whether or not a notice of motion had to be filed or if the court could have addressed, given that these are all declaratory, they're requests for declaratory relief in addition to an Article 78, that have been fully briefed where the briefs reference it on the merits, whether it was proper for the lower court to dispose of the entire proceeding. That is a question that would have had to go before the appellate division. And we would have had strong arguments as to why this was proper. Under these papers, it was within the court's discretion, regardless of whether it was actually a formal notice of motion to dismiss, to address it as a motion to dismiss and address the merits of the claims. And ultimately, that's what the court did. The counsel's reference repeatedly that there was a, you know, they didn't have the remedy they were looking for. They didn't get the remedy they were looking for because they lost in the state court, but they don't get to refile in federal court. They need to pursue that. They could have withdrawn, but they didn't. They got a decision they didn't like, and they refiled literally the same complaint. The 1983 action isn't explicitly referenced, but the court was aware of it. It reviewed a proposed amended complaint and found that it was devoid of merit. Am I right, though, that the analysis here doesn't actually depend at all on the fact of an attempt, an unsuccessful attempt to amend to add a 1983 claim? Even if there had never been mention of a 1983 claim, would we have the same analysis based on the pleading of a hybrid proceeding and a decision that addressed matters outside of Article 78? Absolutely. If it was solely the two or three requests for declaratory relief that the town had violated the Constitution, that would be enough to take it out of the Article 78. And as far as Whitfield, I think counsel overstates the holding in that case. That's a pro se litigant who filed a pure Article 78 that's clearly styled as an Article 78, is how they phrased it, and then threw in, incidentally, I want a million dollars or some demand for monetary damages. Here, this is a counsel party, sophisticated attorneys, who purposely pursued a hybrid proceeding that was litigated as a hybrid proceeding, where it's not just they threw in a demand for monetary damages. These really did get into the weeds on things well beyond Article 78. To go back to your question, the motion to amend just bolsters why this really was addressed. They did have a full opportunity, even for the exact claims. If you were to get into collateral estoppel, that's where I think we would end up with that issue, is that they would still be estopped because of the findings on the motion to amend. But res judicata applies without regard to that. I mean, Mr. Rabin suggested that there's still a speedy trial problem, and I guess it's an ongoing problem. I don't know what would prevent them from commencing an action based on later conduct. What would prevent it? The speedy trial claim was voluntarily withdrawn because the plaintiff, in this case, this is a simple thing. This is a matter of someone departing from their plans, needing to amend their plans, getting a stop work order until they submitted revised plans. This is a very mundane thing. It's very mundane, but it's styled as a criminal misdemeanor. So what happened with the criminal, they've asked for the criminal proceedings to be, they have a motion to dismiss the criminal complaint in the Justice Court. They've asked for that to be held in abeyance so that they can litigate it in federal court. This isn't the town saying we don't want to proceed. This is the defendant saying, no, we want the Second Circuit to decide the motion to dismiss that's been sitting in the Justice Court for six years. So do you understand, and maybe I should ask your counterpart this, that part of the relief they're seeking in this case is us to interfere with the state court prosecution in some way? Yes, I raised that in the jurisdictional statement, that part of what they're seeking is for this court to decide an issue that is part of a pending motion before the Justice Court in the criminal matter. Okay, that's a slightly different question. Deciding an issue that might then have bearing on the prosecution is different from, it may still be problematic, but it's different from asking us to issue some sort of order purporting to tell the state prosecutor or judge what to do. Correct. I believe it was styled in a way that was decide the issue but don't enjoin the prosecution. There's nothing further. We rest our brief. Thank you. Thank you. Mr. Raven, you have two minutes for rebuttal. This is a 1983 case for damages. In no way whatsoever are we asking this court or through that complaint to interfere in any way with the criminal proceeding. I have no idea what my colleague is talking about. He brought it up in the papers and I addressed it there. That's number one. Number two, we did not withdraw anything. We did not withdraw the criminal account for. What we did was ask the magistrate judge to dismiss it without prejudice because it was not ripe, because there was no successful determination or no conclusion in the criminal proceeding. So, therefore, we could not proceed on the section 1983 case or if we choose to on a malicious prosecution case. I just want to emphasize that I don't know how my colleague says that we're overstating the Whitfield case and that it was a pro se. It doesn't matter. The fact of the matter is that it's not dependent only on how the case was commenced. It's how it was treated. And I cited a case in the papers, and I think Judge Robinson was alluding to it, that the motion to amend is irrelevant in race judicata analysis. It's absolutely irrelevant. And the reason is it doesn't matter whether it is decided favorably or unfavorably. All that matters is you look at the nucleus of facts and ask if it was the same facts and if the race judicata analysis applies. It simply doesn't matter how it is decided. The reason it's relevant in this case is because it has bearing on how the hybrid and pure Article 78 matter were determined. Does it matter that the court, the state court, referred to your client as the plaintiff slash petitioner and plaintiffs referred to the petition slash complaint? Well, it's sort of like reading tea leaves, Your Honor. I mean, it did, the court did, on the other hand, the court did reference it as petitioner, as in Article 78. So I don't know that- Well, I would suggest it's hybrid, right? Petitioner slash, I'm quoting, petitioner slash, plaintiff slash petitioner. Your Honor, we don't dispute that it was commenced as a hybrid. We don't get, but the point is- Your facial challenge to the town code. To 102- 255- 255-10-25.  No, because all it did, no, all it did was cite a case law that says it's, quote, presumptively valid. This was not a plenary, it wasn't a plenary hearing, and there was, and the fact of the matter is- But that claim is a plenary claim. Your challenge to the facial, your facial challenge to the ordinance is a plenary claim. Your Honor, when that was decided, the chronology is important here, because by the time that judge decided on that issue, on 255-10-25, the town had already repealed the law. So, and there's an important case that was not cited in the papers, but was cited in the state court below, and it had to do with Bell Atlantic, and I'll get the site.  It's state versus Bell Atlantic, 183, miscellaneous seconds, 61 and 62, and that's on the issue of mootness, that the justice court matter is not moot, because the whole purpose of the stay of the stay was so that the zoning board of appeals could hear the matter and it would not be moot. But in answer to your question on the 255, Your Honor, we had submitted a letter to the state court, and I had emailed my colleague last night because I realized that this letter, which was submitted to the state court, was not in the record here. And that letter to the state court clerk informed the clerk that the 255-10-25 ordinance had been repealed. And the reason it was repealed, and it's stated in the repealer, is that it was contrary to New York law. And this is the crux of our case. So the fact that the judge in the state court, Your Honor, cited a case that laws have presumptive validity is inconsistent with the facts of this case. And that's because the case was filed at a time when 255-10-25 was in force. So I suppose if you'd appealed, that would have been an issue you could have raised on appeal. You could have said the court shouldn't have reached the merits of our constitutional challenge to 25-10-25 because it's been repealed and our challenge was moot. I suppose, Your Honor, but again, it's not necessary for my client to be in federal court today on the Section 1983. There has been no meritorious determination on the Section 1983 claim. And all of these magic words of dismissal or the case had no merit, according to Whitfield, should not be a determiner on whether the case was decided on a hybrid or pure basis. All right, well, we got our money's worth, so thank you both. Thank you, Your Honor. We will reserve decision.